UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

v.                  Criminal No. 05-51(1) (JNE/SRN)
                    ORDER
Yama Shabaz Tunson,

   Defendant.

   Yama Shabaz Tunson pleaded guilty to conspiracy to possess with intent to distribute in excess of 50 grams of a mixture of cocaine base. At sentencing, the Court concluded that Tunson was a career offender, calculated his guideline range of imprisonment to be 262 to 327 months' imprisonment based on an offense level of 34 and a criminal history category of VI, and sentenced him to 220 months' imprisonment. Tunson now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (2006) and the retroactive amendment to the crack cocaine sentencing guidelines.[1] For the reasons set forth below, the Court denies Tunson's motion.

   "Under 18 U.S.C. § 3582(c)(2), a defendant may be eligible for a sentence reduction if he is currently serving a sentence for a crack cocaine offense and [Amendment 706 to the United States Sentencing Guidelines] has lowered the guideline range under which he was originally sentenced." *United States v. Curry*, 584 F.3d 1102, 1103 (8th Cir. 2009). In this case, the crack cocaine sentencing guidelines did not determine Tunson's guideline range. Instead, Tunson was sentenced as a career offender. Consequently, Amendment 706 did not lower the guideline range under which Tunson sentenced. Even though Tunson's sentence represented a downward variance from his guideline range, relief under § 3582(c) and Amendment 706 is not available to

---

[1] Tunson's calculation of his requested sentence is incomprehensible. He calculates a guideline range of 168 to 210 months, but he requests a "mid-range" sentence of 141 months' imprisonment.

1

him. *See United States v. Blackmon*, 584 F.3d 1115, 1116 (8th Cir. 2009) (per curiam) ("When a defendant is found to be a career offender under section 4B1.1 [of the Sentencing Guidelines], the applicable guideline range under section 3582(c)(2) is his career offender range, even if the actual sentence is a downward departure from it."); *United States v. Collier*, 581 F.3d 755, 759 (8th Cir. 2009) ("That the district court departed significantly from the advisory Guidelines range when sentencing Collier does not change the analysis. Thus, because Collier was sentenced as a career offender, his sentence was unaffected by Amendment 706 and section 3582(c)(2). The district court lacked authority to reduce Collier's sentence . . . ."), *petition for cert. filed*, (U.S. Jan. 25, 2010) (No. 09-8779); *United States v. Tolliver*, 570 F.3d 1062, 1066-67 (8th Cir. 2009) ("Because Tolliver's 'applicable guideline range' was his career offender range and that range has not been lowered by Amendment 706, we conclude that Tolliver was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)."). Tunson cites no contrary authority. Indeed, he cites no cases to support his motion. Because Tunson is not eligible for the requested relief, the Court denies his motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Tunson's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 162] is DENIED.

Dated: March 16, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge