UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Yama Shabaz Tunson,

       Defendant.

Criminal No. 05-51(1) (JNE/SRN)
ORDER

This case is before the Court on Defendant Yama Shabaz Tunson's pro se motion to reduce his sentence to 120 months under 18 U.S.C. § 3582(c)(2). ECF No. 168. The Government has responded in opposition to Mr. Tunson's motion, arguing that he is not eligible for such a reduction. ECF No. 170.

For the reasons stated below, the motion will be denied.

**<u>Discussion</u>**

In 2005, Mr. Tunson pled guilty to one count of conspiracy to possess with intent to distribute more than 50 grams of a mixture containing cocaine base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 71. At sentencing in 2006, the Court found Mr. Tunson to be a career offender and calculated his guidelines range at 262 to 327 months, but departed downward and imposed a sentence of 220 months imprisonment. Transcript of Sentencing at 6-8. Mr. Tunson subsequently filed a direct appeal, which the Eighth Circuit dismissed. ECF No. 111.

In 2010, Mr. Tunson through counsel filed a motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). ECF No. 162. Mr. Tunson argued on that motion that he was eligible for the reduction as a result of the issuance of Amendment 706 to the Sentencing Guidelines by

the United States Sentencing Commission in 2007. *Id.*  With that amendment, the Commission had retroactively adjusted the base offense levels for offenses involving crack cocaine. However, Amendment 706 did not affect the calculation of guidelines ranges for career offenders. *E.g., U.S. v. Tolliver*, 570 F.3d 1062, 1066-67 (8th Cir. 2009).  Because Mr. Tunson had been sentenced as a career offender and because 18 U.S.C. § 3582(c)(2) affords relief only to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court denied the motion. ECF No. 165.

In November 2013, Mr. Tunson filed this second motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  ECF No. 168.  Proceeding pro se, Mr. Tunson now argues that he is eligible for a reduction because of the issuance of Amendments 748 and 750.  *Id.*  Those amendments, rendered retroactive by Amendment 759 in 2011, adjusted the base offense levels that are assigned to offenses involving particular quantities of crack cocaine at U.S.S.G. § 2D1.1 in order to bring the Sentencing Guidelines into conformity with the Fair Sentencing Act of 2010, Pub. L. 111-220.  Like Amendment 706 before them, these amendments do not affect the calculation of guidelines ranges for career offenders under the provisions at U.S.S.G. § 4B1.1. *U.S. v. Harris*, 688 F.3d 950, 953 (8th Cir. 2012).

Anticipating that his status as a career offender thus poses an obstacle to relief, Mr. Tunson attempts to sidestep it here by arguing that he was sentenced as a "non-career offender." ECF No. 168 at 2.  According to Mr. Tunson, this is so because the Court imposed a term of imprisonment that was below the career offender range that the Probation Officer had recommended in the pre-sentence investigation report. *Id.*

2

This argument is without merit.  Contrary to Mr. Tunson's assertions, the record of the sentencing proceedings demonstrates clearly that the Court found him to be a career offender and calculated his applicable guidelines range under the career offender provisions at U.S.S.G. § 4B1.1.  At the sentencing hearing, for instance, the Court noted that Mr. Tunson "ha[d] at least two prior qualifying drug felonies" and explicitly adopted the guidelines calculation set forth in the pre-sentence investigation report, Transcript of Sentencing Hearing at 6, which Mr. Tunson concedes was reached based on his status as a career offender, ECF No. 168 at 2.

Furthermore, that calculation is consistent with U.S.S.G. § 4B1.1(b).  That provision sets the base offense level for a career offender facing a statutory maximum term of life imprisonment, as Mr. Tunson was under the version of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) in effect at the time, at 37; taking account of a three-point reduction for acceptance of responsibility, the Court determined Mr. Tunson's total offense level to be 34.  Transcript of Sentencing at 6.  U.S.S.G. § 4B1.1(b) also provides that the criminal history category for a career offender "in every case . . . shall be Category VI"; the Court accordingly found Mr. Tunson's criminal history category to be VI.  *Id.*  Based on those calculations, the Court expressly determined that the guidelines range that applied to Mr. Tunson was 262 to 327 months.  *Id.*

With that career offender range thus set, the Court's decision to depart downward by "mov[ing] horizontally and vertically by one" to a range of 210 to 262 months and imposing a sentence of 220 months, *id*. at 7-8, is irrelevant to this analysis.  *See United States v. Blackmon*, 584 F.3d 1115, 1116 (8th Cir. 2009) (per curiam) ("When a defendant is found to be a career offender under section 4B1.1, the applicable guideline range under section 3582(c)(2) is his career offender range, even if the actual sentence is a downward departure from it.")

Consequently, Mr. Tunson's motion fails here for the same reason his previous motion was denied: he was not sentenced based on a guidelines range that was calculated under U.S.S.G. § 2D1.1 according to the quantity of crack cocaine that was involved in his offense.  Instead, he was sentenced based on a guidelines range that was calculated under U.S.S.G. § 4B1.1 according to his status as a career offender.  Because the amendments issued by the Commission in the wake of the Fair Sentencing Act have not affected that applicable career offender range, he is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  *See U.S. v. Reeves*, 717 F.3d 647 (8th Cir. 2013) (holding in identical circumstances that defendant is ineligible for a reduced sentence because there have been no retroactive amendments to the career offender provision of the guidelines and the statutory penalty provisions of the Fair Sentencing Act are not retroactive).

THEREFORE, IT IS ORDERED THAT:

1.  Defendant's Motion to Reduce Sentence [ECF No. 168] is DENIED.

Dated: January 15, 2014                           s/Joan N. Ericksen
                                                  The Honorable Joan N. Ericksen
                                                  United States District Judge